IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 5:24-CR-135-H |
| QURRAN THOMAS | |

## FACTUAL RESUME

In support of Qurran Thomas's plea of guilty to the offense in Count One of the Indictment, Thomas, the defendant; Sarah Gunter, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following.

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), that is, Convicted Felon in Possession of Ammunition, the government must prove each of the following elements beyond a reasonable doubt:[1]

> *First.* That the defendant knowingly possessed ammunition as charged;
>
> *Second.* That before the defendant possessed the ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;
>
> *Third.* That the defendant knew he had been convicted in a court of a crime punishable by a term of imprisonment in excess of one year; and
>
> *Fourth.* That the ammunition possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the ammunition, it

---

[1] Fifth Circuit Pattern Jury Instruction 2.43D, 1.48 (5th Cir. 2024).

Qurran Thomas
Factual Resume—Page 1

had traveled at some time from one state to another or between any part of the United States and any other country.

The term "ammunition" is defined in 18 U.S.C. § 921(a)(17)(A) and means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm. The definition of "ammunition" covers "completed rounds." *United States v. Chambers*, 408 F.3d 237, 240 (5th Cir. 2005).

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

## STIPULATED FACTS

1. Qurran Thomas, defendant, admits and agrees that on or about May 16, 2024, in the Lubbock Division of the Northern District of Texas, and elsewhere, knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, he did knowingly possess in or affecting interstate or foreign commerce ammunition, that is, Sellier and Bellot .40 S&W caliber ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

2. On May 16, 2024, officers with the Plainview Police Department (PPD) Officers were dispatched to 1302 Kokomo Street in Plainview, Texas, for a "shots fired" call. It was also reported that a woman had been shot. When officers arrived on scene, they found D.P. in the driveway of 1304 Kokomo Street. D.P. was bleeding from her lower right arm and lower abdomen. Officers believed her injuries were gunshot wounds.

3.   Officers asked D.P. who and where the shooter was, and D.P. stated the shooter had gone into the residence at 1302 Kokomo. Officers performed a protective sweep of 1302 Kokomo and found no one inside the residence. Detectives executed a state search warrant at 1302 Kokomo. Inside, detectives found one .40 caliber shell casing along with multiple cigarette butts, beer cans, a water bottle, and a blue jacket.

4.   PPD detectives interviewed a witness who reported being at 1302 Kokomo Street when a short black male with short gray and black hair pulled out a firearm and fired it. The witness stated he/she would be able to identify the suspect if he/she was shown a photograph of the suspect. An officer presented the witness a photographic lineup and the witness positively identified Qurran Thomas as the suspect. The witness described the firearm possessed by Thomas as a black pistol having a "sight or thing on top of it which rifles had."

5.   The witness showed officers where the suspect lived and pointed at Thomas's house at 1207 Joliet. A PPD officer checked the dumpsters in the 1200 block of Joliet by Thomas's residence. The officer opened the dumpster in the west alley behind 1215 Joliet and saw a black firearm in the front bottom corner of the dumpster. An officer recovered the firearm, which was a privately made firearm (PMF) with a red dot or holographic sight affixed to the top. This firearm matched the witness's description of the firearm Thomas possessed. The officer secured the firearm and found a live round of .40 S&W caliber ammunition in the chamber. Officers also recovered an additional live round of .40 S&W caliber ammunition from inside the dumpster.

6. On May 20, 2024, PPD detectives met with D.P. Detectives presented D.P. with a photographic lineup, and she positively identified Qurran Thomas as the person who possessed the firearm.

7. On June 11, 2024, an agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) fired two rounds through the PMF so that the shell casings could be entered into the National Integrated Ballistic Information Network (NIBIN). On June 12, 2024, a detective with the Lubbock Police Department (LPD) entered one of the fired shell casings into the NIBIN system along with the shell casing recovered from the crime scene at 1302 Kokomo in Plainview. The two shell casings came back with a NIBIN "Hit," linking the firearm that was recovered from the dumpster near Thomas's house to the shell casing recovered from 1302 Kokomo.

8. On September 6, 2024, a Firearms Interstate Nexus Expert with the ATF examined the spent shell casing recovered at 1302 Kokomo. He determined that the round was manufactured by Sellier and Bellot (S&B) in the Czech Republic. Therefore, the live cartridge before expenditure, and the shell-casing remaining after being fired, moved in foreign or interstate commerce prior to Thomas possessing it in Plainview, Texas, on May 16, 2024.

9. Prior to his possession of the S&B ammunition on May 16, 2024, Thomas had been convicted on October 17, 1997, of Aggravated Robbery and Aggravated Assault in the 242nd Judicial District Court of Hale County, Texas. He was sentenced to 15 and 10 years respectively in the Texas Department of Criminal Justice (TDCJ) Institutional Division for those offenses. The judgments of conviction for those offenses clearly stated

that the offenses were felonies. As a convicted felon, it is unlawful for Thomas to possess ammunition.

10. The defendant agrees that the defendant knew at the time of the offense that he had been convicted in a court of a crime punishable by a term of imprisonment in excess of one year. The defendant agrees that he committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

11. The defendant further agrees and admits that the above-described ammunition, including the PMF and any additional ammunition, magazines, and accessories recovered with the ammunition, were knowingly possessed by the defendant in violation of 18 U.S.C. § 922(g)(1), and therefore should be forfeited to the United States pursuant to 18 U.S.C. § 924(d).

AGREED TO AND STIPULATED on this 6 day of June, 2025.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

_____
QURRAN THOMAS
Defendant

_____
SARAH GUNTER
Attorney for Defendant

_____
MATTHEW A. McLEOD
Assistant United States Attorney
Tennessee State Bar No. 034353
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Tel: 806-472-7351
Fax: 806-472-7394
Email: matthew.mcleod@usdoj.gov