IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 5:24-CR-135-H |
| QURRAN THOMAS | |

**UNITED STATES' UNOPPOSED
MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

Pursuant to Fed. R. Crim. P. 32.2(b), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), the United States of America moves the Court to enter a Preliminary Order of Forfeiture, and in support states:

1. On December 11, 2024, the government charged Qurran Thomas in Count One with Convicted Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  (Dkt. 4).  The indictment notified the defendant that upon conviction, the government would seek to forfeit any firearms and ammunition involved in the offense under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  *Id.*

2. The property to be forfeited included:

   a. Sellier and Bellot .40 S&W caliber ammunition;

   b. a privately-made firearm, bearing no serial number; and

   c. any additional ammunition recovered with the ammunition ("Subject Property").

3. On June 6, 2025, the defendant entered in a plea agreement with the government and agreed to forfeit the Subject Property.  (Dkt. 21).  In a factual resume, the

defendant described the connection of the Subject Property to the offense including that he admitted and agreed that he knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and he did knowingly possess, in and affecting interstate or foreign commerce, the Subject Property.  (Dkt. 23 at 2-5).  The defendant pleaded guilty to the offense.  (*See* Dkt. 26, minute entry for plea hearing, and 27, report and recommendation on guilty plea).

      4.      Under 18 U.S.C. § 924(d), the defendant must forfeit to the United States any firearms or ammunition involved in or used in the offense.  This civil forfeiture provision applies to this criminal case because 28 U.S.C. § 2461(c) authorizes criminal forfeiture for offenses where civil forfeiture is authorized.  Under Fed. R. Crim. P. 32.2(b)(1)(A) and 32.2(b)(2)(A), if the Court determines that the government has made the required showing under the statute authorizing forfeiture, the Court must enter an order forfeiting the property to the United States without regard to any third-party interest.

      5.      Based on the defendant's guilty plea, plea agreement, and factual resume, the government has established under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) that the defendant committed an offense for which forfeiture is authorized and has shown that the property has the requisite nexus with that offense.  Accordingly, the property is subject to forfeiture to the United States.

      6.      Under Fed. R. Crim. P. 32.2(b)(3), once the order is entered the Attorney General (or designee) is authorized to seize the property, conduct any discovery proper in

identifying, locating, or disposing of the property subject to forfeiture, and commence proceedings that comply with any statutes governing third-party rights.

7. In this case, the applicable statute governing third-party rights is 21 U.S.C. § 853(n). The accompanying order highlights the various requirements of that provision and provides a roadmap for addressing any third-party petitions that may arise.

8. Therefore, the government asks the court to enter the enclosed preliminary order forfeiture. Additionally, the government requests as required by Fed. R. Crim. 32.2(b)(4)(B), that the Court orally announce the forfeiture at the defendant's sentencing and reference the forfeiture order in the judgment.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

*/s/ Matthew A. McLeod*
MATTHEW A. McLEOD
Assistant United States Attorney
Tennessee State Bar No. 034353
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
T: 806-472-7351 | F: 806-472-7394
Email: matthew.mcleod@usdoj.gov

## CERTIFICATE OF CONFERENCE

As the defendant previously agreed to forfeit his interest in the property, there was no need for a conference with the defendant's counsel.

*/s/ Matthew A. McLeod*
Assistant United States Attorney